UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DIXON,
PAULA DIXON,

   Plaintiffs,

              Case No. 13-cv-14118
v.              HON. GERSHWIN A. DRAIN


ST. PAUL PROTECTIVE INSURANCE
COMPANY *d/b/a* THE TRAVELERS
INDEMNITY COMPANY,

   Defendant.
_____/


## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE AWARDING OF ATTORNEY'S FEES [#14]

## I.  INTRODUCTION

On July 24, 2014, Plaintiffs filed the complaint that underlies this motion, against Plaintiff Richard Dixon's ("Dixon" or "Plaintiff") insurer, Defendant St. Paul Protective Insurance Company, doing business as The Travelers Indemnity Company ("Travelers"). The Dixons held an automobile insurance policy with Travelers. On August 24, 2010, Richard Dixon sustained bodily injuries in an automobile accident. Some of Plaintiff's serious bodily impairments included amputations above his right knee and distal right ring finger as well as multiple bone fractures, lacerations, and trauma to his bodily systems. On August 6, 2013, Plaintiff sustained additional injuries when he stepped in a hole on his property. Plaintiff Dixon, as an initial matter, contended that his 2010 automobile injuries precipitated the injuries that he sustained in his 2013 fall.

2:13-cv-14118-GAD-MJH   Doc # 24   Filed 02/13/15   Pg 2 of 9   Pg ID 601

Dixon then argued that, under the terms and conditions of his automobile insurance policy, Travelers was obligated to pay certain expenses or losses. Plaintiffs asserted that they provided reasonable proof for full payment of all personal protection insurance benefits, as required by Michigan law. The Dixons alleged, however, that Defendant unreasonably refused to pay or has unreasonably delayed in making proper payments for attendant care, recovery, medical, and rehabilitation expenses.

The parties have settled the matter as to Plaintiffs' claim for insurance benefits. Presently before this Court is Plaintiffs' Motion for Partial Summary Judgment as to Attorney's Fees, filed on September 22, 2014. Dkt. No. 14. On December 10, 2014, the Court directed the parties to file supplemental briefing in regard to Plaintiff's motion. Dkt. No. 20. Upon review of the briefs of both parties, the Court will grant Plaintiff's motion.

## II.    LAW AND ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The party seeking summary judgment "bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322.   The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  The evidence presented must be such on which a jury could reasonably find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

B. **Discussion**

In this case, the Court considers the award of attorney's fees for overdue insurance benefits under Michigan's No-Fault Insurance Act.  While the parties have settled the substantive issue in regard to the parties' original cross-motions for summary judgment, the settled issue remains inextricably tied with the issue at the heart of Plaintiff's immediate motion for attorney's fees.

Michigan's No Fault statute states that:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue.  The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

MICH. COMP. LAWS § 500.3148(1).   Michigan law further states that personal protection insurance benefits are overdue:

> [I]f not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained.  If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer.  Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer.

MICH. COMP. LAWS § 500.3142(2).   In summary, in making this determination concerning attorney's fees, the Court must evaluate whether "[the] claimant's benefits qualify as overdue and whether [the] insurer unreasonably refused to pay or unreasonably delayed in making payment."  *Moore v. Secura Ins.*, 482 Mich. 507, 511 (2008).

"A refusal by an insurer to pay benefit[s] may be reasonable even if the carrier is ultimately found liable for the benefits."  *K.G. ex rel. Gray v. State Farm Mut. Auto Ins. Co.*, 674 F.Supp.2d 862, 873 (E.D. Mich. 2009).  "What constitutes reasonableness is a question of law,

4

2:13-cv-14118-GAD-MJH   Doc # 24   Filed 02/13/15   Pg 5 of 9   Pg ID 604

but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Moore*, 482 Mich. at 516 (citing *Ross v. Auto Club Grp.*, 481 Mich. 1, 7 (2008)).

The Michigan Supreme Court has further stated that, "[t]he determinative factor in our inquiry is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was reasonable." *Ross v. Auto Club Grp.*, 481 Mich. 1, 11 (2008). A plaintiff is not entitled to attorney's fees if the defendant can demonstrate that its refusal or delay "is the product of a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Id.* (citing *Gobler v. Auto-Owners Ins. Co.*, 428 Mich. 51, 66 (1987)).

Defendant does not challenge Plaintiff about whether the insurance benefits were overdue. Defendant argues that it neither unreasonably refused to pay nor unreasonably delayed in making payment to Plaintiff on insurance proceeds. Defendant contends that the medical opinion of the insurance company's independent medical examiner ("IME"), Dr. Joseph P. Femminineo, created a factual uncertainty that countered the medical opinion of Plaintiff's treating physician, Dr. Julie Gronek. Defendant, in effect, attempts to use its IME report to overcome the presumption of unreasonableness embodied in the attorney's fees provision of the Michigan No-Fault statute.

A factual uncertainty can be created by demonstrating the conflicting opinions of medical examiners. *See generally, Moore*, 482 Mich. 512-16, 521-25. In *Moore*, the Michigan Supreme Court overruled *Liddell v. Detroit Auto. Inter-Ins Exch.*, 102 Mich.App. 636 (1981), and the definition of "unreasonableness" that the court put forth. In *Liddell*, the trial court held, and the appellate court affirmed, that where the defendant-insurer made no inquiry beyond the opinion of its own IME doctor and where it refused to reconcile conflicting medical opinions, the denial of

5

benefits was unreasonable. *Moore*, 482 Mich. at 514-15.  In overruling the lower courts, the Michigan Supreme Court held:

> We reject the Court of Appeals analysis of *Liddell*.  In *Liddell*, the Court held that a trial court did not clearly err when it found an insurer's conduct unreasonable where the insurer "did not attempt to contact" physicians with conflicting opinions "or in some other way attempt to ascertain the true situation in the fact of contradictory reports." Nothing in the plain language of MCL 500.3148(1) [or impliedly], however, requires an insurer to reconcile conflicting medical opinions.

*Id.* at 521 (footnote omitted).  In other words, the No-Fault statute does not require insurers to "go beyond" the medical opinion of their physicians.  *Id.* at 522.  Moreover, "an insurer need not resort to a 'tie breaker' to resolve conflicting medical reports." *Id.*

The Michigan Supreme Court, however, noted that, "an insurer acts at its own risk in terminating benefits in the face of conflicting medical reports."  *Id.*  Plaintiffs assert that this language stands for the proposition that Defendant's failure to properly evaluate the medical opinion of Plaintiff's treating physicians should be accounted for.  On this point, Plaintiffs emphasize that the Michigan No-Fault statutes "requires that the trial court engage in a fact-specific inquiry to determine whether 'the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." *Id.*

Plaintiffs highlight that Andrew Zido, the claims representative that assessed and discontinued Plaintiff Dixon's benefits claim,[1] testified that:

> I didn't think [Dr. Gronek's] medical records were very clear.  I seen [sic] that in her testimony she focused more on the upper extremities and her medical records seem to more of the lower extremities.  And there was always a lag time that I was receiving reports, a couple of months later. So she was able to establish a better timeframe, timeline of events, and was able to put it into one piece and I think that was beneficial.  And I know that's the reason I went back and attendant care was needed based on her testimony.

---

[1] Zido is also the insurance company's technical specialist for the state of Michigan.  Zido commissioned the independent medical examination.

Plfs.' Supp. Brief 9 (Ex. A, Zido Dep. 33-35) (emphasis in original).  Plaintiffs further point out that Dr. Femminineo's examination of Dixon lasted only 26 minutes.

Plaintiff bolsters the significance of this testimony to support the idea that Defendant failed to properly evaluate the evidence in the first instance.  While in *Moore*, the Court found that it was not necessary to reconcile conflicting medical opinions, it also noted that, "[w]hen the claimant provides [reasonable] evidence, the insurer then must evaluate that evidence as well as evidence supplied by the insurer's doctor before making a reasonable decision regarding whether to provide the benefits sought."  *Moore*, 482 Mich. 523.  Additionally, while the insurer is not required to "go beyond" the opinion of its own IME or to resort to a "tie-breaker",  "an insurer acts at its own risk in terminating benefits in the face of conflicting medical reports."  *Id.* at 522.  The insurer must justify its refusal or delay.  *Id.* at n.21.

Plaintiffs essentially contend that Travelers "acted at its own risk" when it terminated Dixon's attendant care benefits in the face of conflicting medical reports.  Plaintiff argues that this judicial language suggests that a conflicting medical report from an insurer's IME does not create a *per se* factual uncertainty that would relieve Defendant's burden of showing that it acted reasonably when it terminated Dixon's attendant care benefits.

The Court agrees with Plaintiff.  The seemingly conflicting language[2] in *Moore* is reconcilable. While Dr. Femminineo's medical report conflicted with that of Dr. Gronek's, this does not relieve the Court of its burden to look at the factual circumstances in its entirety.  To reiterate, "[w]hen the claimant provides [reasonable] evidence, the insurer then must evaluate

---

[2] Compare *Moore's* language stating, "[n]othing in the plain language of MCL 500.3148, however, requires an insurer to reconcile conflicting medical opinions. *Id.* at 521 (footnote omitted).  The No-Fault statute does not require insurers to "go beyond" the medical opinion of their physicians. *Id.* at 522.  Moreover, "an insurer need not resort to a 'tie breaker' to resolve conflicting medical reports." *Id.*; with later language that states, "an insurer acts at its own risk in terminating benefits in the face of conflicting medical reports." *Id.*

that evidence as well as evidence supplied by the insurer's doctor before making a reasonable decision regarding whether to provide the benefits sought." *Moore*, 482 Mich. at 523. Travelers Indemnity's claim representative testified that he was confused when he made the decision to terminate Plaintiff's attendant care benefits. Defendant, however, had an obligation to evaluate the evidence supplied by Dr. Gronek before making a reasonable decision. Even if Dr. Gronek's report focused more on the lower extremities, Dr. Gronek's medical report also provided an extensive amount of information in regard to Plaintiff's upper extremities from which Mr. Zido could have made a proper evaluation. *See, e.g.,* Plfs.' Exs. B, E.

Defendant's implication that Plaintiff Dixon's attending physician provided a dearth of information concerning the functionality of his upper extremities is unfounded. Plaintiffs provided reasonable proof of Plaintiff Dixon's need for attendant care. It appears that Defendant has failed to evaluate that proof. For this reason, the Court finds that Defendant has not availed itself of its burden to demonstrate that it did not act unreasonably in refusing to timely pay Plaintiff's attendant care benefits.

### C. <u>Amount of Attorney's Fees</u>

Plaintiffs have not indicated the amount of the attorney's fees for which they seek. In addition, Plaintiffs have also not submitted any documentation, i.e. billing. As a result, the Court is unable to determine whether the amount sought is reasonable.

Rule 54.1.2 of the Local Rules of the Eastern District of Michigan requires a "detailed affidavit of counsel supporting the reasonableness of the claimed attorneys [sic] fees." *K.G. ex rel. Gray v. State Farm Mut. Auto Ins. Co.*, 674 F.Supp.2d at 873-74. In addition, "[t]he reasonableness of attorneys [sic] fees claimed under MCL 500.3148 should be determined with reference to the factors outlined in Rule 1.5 of the Michigan Rules of Professional Conduct." *Id.*

at 873 (citing *Univ. Rehab. Alliance, Inc. v. Farm Bureau Gen. Ins. Co. of Mich.*, 279 Mich.App. 691 (2008)).

For the reasons stated, Plaintiffs have not properly substantiated their claim for attorney's fees. Given that the Court has determined that awarding attorney's fees are appropriate, the Court directs Plaintiffs to submit a brief and affidavits curing this inefficiency. The supplemental briefs and affidavits are **due 28 days from the date of this order**.

## III.   CONCLUSION

Plaintiffs' Motion for Summary Judgment as to Attorney's Fees is GRANTED.

It is HEREBY ORDERED that Plaintiffs submit the amount for which attorney's fees are sought.

It is FURTHER ODERED that Plaintiffs submit a brief and affidavits substantiating the requested claim for attorney's fees, **within 28 days from the date of this order**.

SO ORDERED.


February 13, 2015                              /s/Gershwin A Drain
Detroit, Michigan                             GERSHWIN A. DRAIN
                                              United States District Judge



## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2015.

                                              s/Tanya R. Bankston
                                              TANYA R.BANKSTON
                                              Case Manager & Deputy Clerk