UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DIXON,
PAULA DIXON,

            Plaintiffs,

                                   Case No. 13-cv-14118
v.                               HON. GERSHWIN A. DRAIN

ST. PAUL PROTECTIVE INSURANCE
COMPANY *d/b/a* THE TRAVELERS
INDEMNITY COMPANY,

            Defendant.
_____/

## ORDER GRANTING REASONABLE ATTORNEY'S FEES [#14]

**I.     INTRODUCTION**

On July 24, 2014, Plaintiffs Richard and Paula Dixon filed the instant complaint against

Defendant St. Paul Protective Insurance Company, doing business as The Travelers Indemnity

Company ("Travelers"). The Dixons held an automobile insurance policy with Travelers.  On

August 24, 2010, Richard Dixon sustained bodily injuries in an automobile accident.  On August

6, 2013, Plaintiff sustained additional injuries when he stepped in a hole on his property.

Plaintiffs asserted that his 2013 fall exasperated his 2010 automobile injuries.  They

contended that, under the terms and conditions of his automobile insurance policy, Travelers was

obligated to pay certain expenses or losses.  Plaintiffs alleged, however, that Defendant

unreasonably refused to pay or has unreasonably delayed in making proper payments for

attendant care, recovery, medical, and rehabilitation expenses.

The parties have settled the matter as to Plaintiffs' claim for insurance benefits.  Presently

before this Court is Plaintiffs' Motion for Attorney Fees.  Doc. Nos. 14, 21.  On February 13,

2015, the Court entered an Opinion and Order Granting Plaintiffs' Motion.  Doc. No. 24.   The

Court, however, ordered Plaintiffs to submit the amount of attorney fees for which they seek.

The Court also ordered Plaintiffs to submit a "detailed affidavit of counsel supporting the

reasonableness of the claimed attorney's fees."  *See K.G. ex rel. Gray v. State Farm Mut. Auto.*

*Ins. Co.*, 674 F.Supp. 2d at 862, 873-874 (E.D. Mich. 2009).  Upon review of the briefs of both

parties, the Court will grant Plaintiff's motion for reasonable attorney fees.  The Court, however,

will deny Plaintiffs' request to include additional litigation expenses as a portion of the attorney

fee amount awarded.

## II.      DISCUSSION

### A.  Standard of Review

A reasonable attorney fee is one that is "adequately compensatory to attract competent

counsel yet which avoids producing a windfall for lawyers."  *Gonter v. Hunt Valve Co., Inc.*, 510

U.S. 610, 616 (6th Cir. 2007) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2000).  To

achieve this effect, courts generally use the lodestar method when calculating attorney fees.  *See*

*Capaldi v. Am. Credit & Collections, LLC*, No. 12-10254, 2014 WL 3925163, slip op., at \*3

(E.D. Mich. Aug. 12, 2014) ("There is a 'strong presumption' that the lodestar amount represents

a 'reasonable' fee.").  The lodestar fee equals "the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate."  *B & G Min., Inc. v. Dir., Office of Workers'*

*Comp. Programs*, 522 F.3d 657, 661 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Court has "broad discretion to determine what constitutes a reasonable hourly rate

for an attorney."  *Hett v. Bryant Lafayette & Assocs., LLC*, No. 10-cv-12479, 2011 WL 740460,

at \*2 (E.D. Mich. Feb. 24, 2011).  The Court, however, "is required to adjust attorney fee rates to

the local market rates for attorneys."  *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.

Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)).  "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation.  *Id.* at 663 (quoting *Gonter*, 510 F.3d at 618).

In addition, the courts look to the prevailing rates of lawyers of reasonably comparable skill, experience, and reputation.  *Hadix*, 64 F.3d at 536.  The Court uses the Michigan Rules of Professional Conduct to guide its assessment of the reasonableness of proposed attorney fees, taking all of these requirements into account.

Michigan Rule of Professional Conduct 1.5 provides that a court should consider the following factors in determining whether a fee is reasonable: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer … performing the services; and (8) whether the fee is fixed or contingent."  MRPC 1.5(a)(1)-(8).

Michigan law imposes a similar set of factors to consider when determining a reasonable hourly rate for attorney fees.  Under Michigan law, courts should consider the following six factors: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client."  *Wood v. Detroit Auto. Inter-Ins. Exch.,* 413 Mich. 573, 588 (1982).  However, "there is

no precise formula for computing the reasonableness of an attorney's fee." *Id.*  While the *Wood* factors should be considered, courts are "not limited to those factors in making its determination." *Id.*  Furthermore, "the trial court need not detail its finding as to each specific factor considered." *Id.*

The Supreme Court has further held that "district courts should exclude from [the] initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 433-34 (internal quotation marks omitted).  Moreover, "[c]ounsel from the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…." *Id.*  The Court takes these standards into consideration below.

### B.  Analysis

#### 1.  Hourly Rate

Defendant does not contest the documented number of hours spent on the case. Plaintiffs' counsel submits that he spent 229.50 hours performing on the matter.  The parties mainly dispute the hourly rate customarily charged in the locality for similar services.

Each year, the State Bar of Michigan releases a Billing Rate Summary Report ("Report"). The Report categorizes billing rates of Michigan attorneys in a variety of ways.  For example, one table depicts attorney hourly billing rateS by years in practice.  Another table may illustrate attorney hourly billing rates by office location.  No table includes intersecting information; for example, no single table includes hourly billing rateS by location *and* years in practice.

There exist several figures in the Michigan State Bar's 2014 Billing Rate Summary Report that reflect the comparable skill, experience, and reputation of Plaintiff's counsel.  For example, Plaintiffs' counsel has been in practice for 43 years.  According to the State Bar, the average billing rate for a Michigan attorney practicing in excess of 35 years is $285.00.

Furthermore, the office of Plaintiffs' counsel is located in Bingham Farms, Michigan. Bingham Farms is located in Oakland County, south of highway M-59. The average hourly rate for an attorney whose office is located in Oakland County, south of M-59 is $280.00 per hour. In contrast, the average hourly rate for a Michigan, plaintiff's personal injury attorney, such as Plaintiffs' counsel, is $358.00.

Both parties agree that the local market rate for attorney services can be found in the State Bar of Michigan 2014 Report. Plaintiffs assert, however, that the applicable rate is $379.00 per hour. Plaintiffs' counsel asserts that this figure represents the average rate that an attorney charges who has practiced personal injury law in excess of 35 years.

Defendant, on the other hand, contends that the applicable hourly rate is between $285.00 and $358.00. As an initial matter, Defendant contends that the median rate is more representative of a proper calculation than the average rate. Second, Defendant further disputes Plaintiffs' calculation of an appropriate hourly rate.

The State Bar billing survey states that attorneys practicing in excess of 35 years typically charge $21.00 more per hour than the average rate of all Michigan attorneys, across all years of practice. The average personal injury attorney, according to the Michigan billing survey, charges $358.00. Plaintiffs add the $21.00 excess rate for attorneys practicing more than 35 years to the $358.00 personal injury attorney rate, amounting to Plaintiff's proposed rate of $379.00.

Defendant contends that the survey does not imply that the $21.00 be added as a surcharge to the personal injury attorney rate. Defendant instead suggests that more experienced lawyers typically charge $21.00 more, on average, across practices. Defendant further suggests that this calculation, altogether, is neither mathematically nor practically sound. The Court is inclined to agree with Defendant's assessment.

Upon review of these rates, the Court finds that $300.00 is an appropriate hourly rate under the circumstances presented.   The Court found several of the *Wood* factors were particularly determinative in finding this hourly rate to be the most reasonable.  As an initial matter, several of the *Wood* factors weigh in favor of a higher hourly rate.

The Court-determined rate properly reflects counsel's professional standing and experience. *See Wood*, 413 Mich. at 588.  For example, Plaintiff's counsel has been practicing for over 43 years in the area of personal injury law.  In addition, Plaintiffs' counsel has served as a past president of the Detroit section of the Michigan Trial Lawyers Association.

Other *Wood* factors weigh in favor of a decreased hourly rate.  In particular, the difficulty of the case and the expenses incurred were greatly minimized because the parties achieved a settlement on all substantive issues.  *See id.*  For example, Plaintiffs claimed that Defendant unreasonably delayed payment of Mr. Dixon's attendant care benefits when it cancelled the benefits based on the results of an independent medical examination.  However, Defendant reinstated Plaintiffs' attendant care benefits independent of the advocacy of Plaintiffs' advocacy. Additionally, Plaintiffs' claims for attendant care benefits, medical expenses, and equipment were resolved without elaborate dispute.  The difficulty of the case and the expenses incurred were therefore lessened because the parties settled the matter; the parties did not have to proceed to and incur the cost of trial.  *See id.*  Thus, the Court finds that an hourly rate of $300.00 strikes an appropriate balance of the *Wood* factors.

As a final matter, the rate of $300.00 further takes into account counsel's office location in Oakland County, where the average hourly rate for attorneys is $280.00.   Thus, upon review of all of these considerations, the Court will apply an hourly rate of $300.00 to the lodestar

calculation, detailed below.  The rate properly reflects counsel's experience, skill, reputation, the complexity of this particular case, and is appropriately adjusted for the local market rate.

### 2.  Lodestar Calculation

As stated above, the parties do not dispute the hours of work that Plaintiffs' counsel performed.  Pursuant to the lodestar formula, Plaintiffs are entitled to the number of hours reasonably expended on the litigation—229.50 hours—multiplied by the reasonable hourly rate of $300.00.  Plaintiffs are therefore entitled to $68,850.00 in attorney fees.

### 3.  Expenses Incurred

Plaintiffs argue that expenses that they incurred should be integrated into the attorney fee calculation.  Specifically, Plaintiff contends that $4,574.48 should be incurred as a portion of the attorney fee.  The Court disagrees.  Time and labor constitute proper attorney's fees.  *See* MRPC 1.5(a)(1)-(8).  Moreover, the parties did not preserve a right for the coverage of costs and expenses.  For these reasons, the Court denies Plaintiffs' request to include expenses incurred as a portion of the attorney fees awarded.

## III.   CONCLUSION

For the reasons elaborated above, the Court **AWARDS** $68,850.00 in attorney fees to Plaintiff.

Plaintiffs' Motion for Attorney Fees [#14] is hereby **GRANTED IN PART** AND **DENIED IN PART.**

**SO ORDERED.**

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE

Dated:  April 30, 2015